**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

KEVIN WARD,                              )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )          No. 4:20-cv-01093-SPM
                                        )
STANLEY PAYNE, et al.,                  )
                                        )
            Defendants.                 )

## OPINION, MEMORANDUM AND ORDER

This matter comes before the Court on the motion for preliminary injunction filed by

plaintiff Kevin Ward. (Docket No. 11). For the reasons discussed below, the motion will be denied.

### Background

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception,

Diagnostic, and Correctional Center in Bonne Terre, Missouri. On August 18, 2020, plaintiff

jointly filed a civil action with inmate Morris Williams pursuant to 42 U.S.C. § 1983. (Docket No.

1). Along with the complaint, plaintiff filed a motion for appointment of counsel and a motion for

leave to proceed in forma pauperis. (Docket No. 2; Docket No. 3). Both motions were signed by

plaintiff, but not by Morris Williams.

The complaint named Warden Stanley Payne, Functional Unit Manager Ted Eaton, and

CCM II Sara Miller as defendants. In the complaint, plaintiff alleged that he had requested

protective custody, but had instead been placed in administrative segregation, resulting in a denial

of certain privileges. (Docket No. 1 at 6). The complaint also contained similar allegations by

Morris Williams.

On August 24, 2020, the Court struck Morris Williams from the complaint, and had a new prisoner civil rights case opened for him. (Docket No. 6). On September 11, 2020, the Court ordered plaintiff to file an amended complaint on a Court form within thirty days. (Docket No. 10). The amended complaint is due on October 11, 2020. Plaintiff filed the instant motion for preliminary injunction on September 14, 2020. (Docket No. 11).

## Motion for Preliminary Injunction

In his motion for preliminary injunction, plaintiff states that he has requested placement in protective custody. (Docket No. 11 at 1). Plaintiff asserts that he was initially denied protective custody altogether. However, he has since been placed in administrative segregation. Plaintiff alleges that this is a tactic to force him back into general population, regardless of his enemies. (Docket No. 11 at 1-2).

Plaintiff requests to be removed from administrative segregation. (Docket No. 11 at 2). Furthermore, if he must wait a long period for a bed in protective custody, he further seeks the creation of bed space for protective custody, so that waiting "does not become long term punitive segregation." Plaintiff states that he is not being provided adequate protection, because he is being "mixed with offenders in punitive segregation." He also states that defendants have "enough space to place the plaintiff in a protective custody unit or create a bed space unit for offenders assigned to protective custody," rather than holding such offenders in punitive segregation. (Docket No. 11 at 3).

## Discussion

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 557 U.S. 7, 27 (2008). In determining whether to grant a preliminary injunction, a district court applies "a flexible consideration of (1) the threat of irreparable harm to

2

the moving party; (2) balancing this harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party would succeed on the merits; and (4) the effect on the public interest." *St. Louis Effort for AIDS v. Huff*, 782 F.3d 1016, 1021 (8th Cir. 2015).

In the prison context, a request for injunctive relief must always be viewed with great caution because "judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration." *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995). For an injunction to issue, "a right must be violated" and the court must determine whether "a cognizable danger of future violation exists[,] and that danger must be more than a mere possibility." *Id*. at 521. The burden of proving that a preliminary injunction should be issued rests with the party seeking injunctive relief. *Mgmt. Registry, Inc. v. A.W. Cos., Inc.*, 920 F.3d 1181, 1183 (8th Cir. 2019).

Here, plaintiff has not met his burden of showing that a preliminary injunction should be granted. First, plaintiff's allegations regarding his placement in administrative segregation while awaiting protective custody do not demonstrate that plaintiff is in danger of suffering irreparable harm. Second, because this is a situation involving prison administration, there is a risk of injury to the non-moving parties should the Court attempt to intervene at this point in the case, before plaintiff's complaint has been subjected to a merits review, and before defendants have been served, much less answered. Finally, the Court cannot assess the probability of plaintiff's likelihood of success on the merits, as the Court is awaiting plaintiff's amended complaint. For these reasons, plaintiff's motion for preliminary injunction will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for preliminary injunction (Docket No. 11) is **DENIED**.

Dated this 15th day of September, 2020.

_____

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE