## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| KEVIN WARD, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) No. 4:20-cv-01093-SPM |
| STANLEY PAYNE, et al., | ) ) ) |
| Defendants. | ) ) |

## **OPINION, MEMORANDUM AND ORDER**

This matter comes before the Court on its own motion. On October 29, 2020, the Court ordered plaintiff to file an amended complaint within forty-five days. (Docket No. 17). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### **Background**

Plaintiff is a self-represented litigant who is currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri. On August 18, 2020, plaintiff, along with a second inmate, filed a joint civil action pursuant to 42 U.S.C. § 1983. (Docket No. 1). Plaintiff also submitted a motion for leave to proceed in forma pauperis. (Docket No. 3).

On August 24, 2020, the Court directed the Clerk of Court to strike the second inmate from this action, and to open a separate case for him. (Docket No. 6). Thereafter, on September 11, 2020, the Court granted plaintiff's motion for leave to proceed in forma pauperis. (Docket No. 10). Because plaintiff was proceeding in forma pauperis, the Court also reviewed his complaint pursuant to 28 U.S.C. § 1915. Following that review, the Court ordered plaintiff to file an amended

complaint on a Court-form that contained only his allegations, and not allegations concerning the second inmate. He was given thirty days in which to comply.

Plaintiff filed a motion for an extension of time to submit his amended complaint on October 8, 2020. (Docket No. 14). The motion was granted, and plaintiff was given an additional thirty days to file an amended complaint. (Docket No. 15). Subsequently, plaintiff filed a motion to stay proceedings until a later date. (Docket No. 16). On October 29, 2020, the Court denied plaintiff's request to stay proceedings, but gave him forty-five days from the date of the order in which to file his previously-ordered amended complaint. (Docket No. 17). The amended complaint was due on or before December 14, 2020.[1] Plaintiff was advised that failure to comply with the Court's order would result in the dismissal of his case without prejudice and without further notice.

## Discussion

As noted above, on October 29, 2020, the Court ordered plaintiff to file an amended complaint within forty-five days. The amended complaint was due on or before December 14, 2020. In the order, plaintiff was advised that failure to comply with the Court's order would result in the dismissal of this action without prejudice and without further notice.

The deadline for plaintiff to file his amended complaint has expired. In fact, the Court has given plaintiff more than forty-five days in which to respond. Nonetheless, plaintiff has failed to submit an amended complaint as directed. He has also failed to file a motion with the Court seeking an extension of time in which to comply.

Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district

---

[1] Forty-five days from October 29, 2020 was Sunday, December 13, 2020. However, when the last day of the period is a "Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C). Therefore, the forty-five day period ended on Monday, December 14, 2020.

court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of October 29, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of October 29, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 7th day of January, 2021.

                                          HENRY EDWARD AUTREY
                                        UNITED STATES DISTRICT JUDGE